IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-2321-WYD

COMMON CAUSE OF COLORADO,
on behalf of itself and its members;
MI FAMILIA VOTA EDUCATION FUND; and
SERVICE EMPLOYEES INTERNATIONAL UNION,
on behalf of itself and its members,

Plaintiffs,

v.

MIKE COFFMAN, in his official capacity as Secretary of State
for the State of Colorado,

Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiffs, by and through their attorneys, and the Colorado Secretary of State, ("the Secretary"), by and through his attorneys, the Colorado Attorney General's Office, and undersigned counsel, hereby stipulate and agree as follows:

1. The parties entered into a Stipulation on October 29, 2008 requiring the Secretary to provide Plaintiffs' designated counsel with records of Colorado voters under the circumstances outlined in the Stipulation. The parties acknowledge that those records will contain personally identifiable information of certain Colorado voters. As agreed in the parties' October

29, 2008 Stipulation, Plaintiffs will maintain all personally identifiable information the Secretary provides as confidential, including: signatures, electronic mail addresses, telephone numbers, date of birth, social security numbers, driver's license numbers, department of revenue identification numbers, information required to be kept confidential pursuant to section 24-72-204 (3.5), C.R.S., and pursuant to the Colorado "Address Confidentiality Program Act" (section 24-21-201 et seq., C.R.S.). In furtherance of this agreement, the parties request the Court to enter this Protective Order formally mandating the confidentiality of personally identifiable information as outlined herein.

2. The Protective Order will govern the treatment of personally identifiable information immediately upon complete execution of this agreement, irrespective of the date which this Court signs and approves this agreement.

3. If for any reason, this Court does not formally approve and order this Stipulation, the parties shall still be bound by the terms of this agreement.

4. The parties may disclose personally identifiable information, in whole or in part, for the purposes of this litigation only and only to those listed below:

a. The parties and representatives of the parties in this lawsuit;

b. counsel who represent the parties in this litigation, and the personnel who are directly employed by the attorney for the purpose of assisting with, or working on, this action;

c. any person who is to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation and any other person to whom the dissemination of the document is deemed necessary by any party in preparation for any proceeding before the Court;

d. expert witnesses and consultants retained and identified by the parties in this lawsuit;

e. deponents to this case

f. the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit; and

5. Personally identifiable information shall not be disclosed to the persons referenced in subparagraphs (c), (d) and (e) until such persons have been provided with a copy of this Stipulated Protective Order and have agreed in writing to be bound thereto by execution of a written agreement to that effect. At a minimum, the written agreement must include a statement that the person has been provided a copy of this Stipulated Protective Order, agrees to be bound by it, and agrees that this Court shall have personal jurisdiction over such person regardless of the individual's domicile for the purposes of enforcing this Stipulated Protective Order. All such agreements shall be retained by Counsel disclosing the personally identifying information and shall be subject to *in camera* review by the Court if good

3

cause for review is demonstrated by opposing counsel. Plaintiffs shall provide the Secretary with a copy of the written agreements upon request by the Secretary, except those signed by consultants unless disclosure is required by the Court upon a showing of good cause by Defendant. Agreements signed by consultants shall be kept by counsel until the close of litigation.

6. The parties and counsel agree that this Court shall retain jurisdiction over them and any person to whom personally identifiable information is disclosed to the extent necessary to enforce the terms of this Order.

7. This Stipulated Protective Order shall not prohibit or restrain any party from performing the necessary tasks to prepare for trial or otherwise pursue or defend this action; however, any re-disclosure or communication of personally identifying information covered by this Stipulated Protective Order, except as specifically allowed by this Stipulated Protective Order for the purposes of this litigation only, is strictly prohibited.

8. The object of this Stipulated Protective order is that no personally identifiable information be disclosed to individuals not identified herein, and that no personally identifiable information be used for any purpose other than in relation to this litigation.

9. Counsel to the parties agree to advise, instruct and supervise all associates, staff, employees of counsel, as well as the parties themselves, their employees, associates and staff to keep the personally identifiable information confidential as required by this Stipulated Protective Order.

10. This Stipulated Protective Order shall not terminate at the conclusion of the litigation and shall continue forward unless modified by the Court. The parties request the Court approve and Order this Stipulated Protective Order.

Respectfully submitted, this 3rd day of November, 2008.

Attorneys for Plaintiffs:

JESSIE ALLEN*
Advancement Project
1730 M Street, N.W. Suite 910
Washington, D.C. 20036
Phone: 202-728-9557
Direct phone: 646—319-3113
jessieallen101@gmail.com

S. GALE DICK*
Debevoise & Plimpton
919 Third Avenue
New York, NY 10022
Phone: 212-909-1061
*counsel of record

Attorneys for Secretary of State

JOHN W. SUTHERS
Attorney General

MAURICE G. KNAIZER*
Deputy Attorney General
MONICA M. MÁRQUEZ*
Assistant Solicitor General
MELODY MIRBABA*
Assistant Attorney General
1525 Sherman Street
Denver, Colorado 80203
Phone: 303-866-5380
Facsimile: 303-866-5671
maurie.knaizer@state.co.us
monica.marquez@state.co.us
melody.mirbaba@state.co.us
* counsel of record

Dated this 4 day of November, 2008.

APPROVED AND ORDERED BY THE COURT:

_____
United States District Court Judge