IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-2321-~~WDM~~ JLK

COMMON CAUSE OF COLORADO,
on behalf of itself and its members;
MI FAMILIA VOTA EDUCATION FUND; and
SERVICE EMPLOYEES INTERNATIONAL UNION,
on behalf of itself and its members,

Plaintiffs,

v.

BERNIE BUESCHER, in his official capacity as Secretary of State
for the State of Colorado,

Defendant.

**SECOND STIPULATED PROTECTIVE ORDER**

Plaintiffs Common Cause of Colorado, Mi Familia Vota Education Fund, and Service Employees International Union, and Defendant Colorado Secretary of State, ("the Secretary"), by and through their attorneys, hereby stipulate and agree as follows:

1. The parties acknowledge that in the course of discovery or otherwise as necessary to litigate this case, they will be required to provide each other with records and information that will contain personally identifiable information of certain Colorado voters. "Personally identifiable information" is defined as an individual's signature, electronic mail address,

telephone number, date of birth, social security number, driver's license number, department of revenue identification number, or any information required to be kept confidential pursuant to section 24-72-204 (3.5), C.R.S., and pursuant to the Colorado "Address Confidentiality Program Act" (section 24-21-201 et seq., C.R.S.). An individual's name, residence address, and year of birth shall not be considered "personally identifiable information" for purposes of this Second Stipulated Protective Order, except when the person's name, residence and year of birth are required to be kept confidential pursuant to section 24-72-204 (3.5), C.R.S., and pursuant to the Colorado "Address Confidentiality Program Act" (section 24-21-201 et seq., C.R.S.). In such cases, that information is "personally identifiable information" which is confidential pursuant to this Second Protective Order. The parties agree that they will maintain all personally identifiable information as confidential. In furtherance of this agreement, the parties request the Court to enter this Protective Order formally mandating the confidentiality of personally identifiable information as outlined herein.

  2. This Protective Order will govern the treatment of personally identifiable information immediately upon complete execution of this agreement, irrespective of the date which this Court signs and approves this agreement. This Protective Order applies to all personally identifiable

information exchanged between the parties through the course of this litigation.

3. If for any reason, this Court does not formally approve and order this Stipulation, the parties shall still be bound by the terms of this agreement.

4. The parties may disclose personally identifiable information, in whole or in part, for the purposes of this litigation only and only to those listed below:

   a. The parties and representatives of the parties in this lawsuit;
   b. counsel who represent the parties in this litigation, and the personnel who are directly employed by the attorney for the purpose of assisting with, or working on, this action;
   c. any person who is to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation and any other person to whom the dissemination of the document is deemed necessary by any party in preparation for any proceeding before the Court;
   d. expert witnesses and consultants retained and identified by the parties in this lawsuit;
   e. deponents to this case
   f. the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit; and

5. Personally identifiable information shall not be disclosed to the persons referenced in subparagraphs (c), (d) and (e) until such persons have

been provided with a copy of this Second Stipulated Protective Order and have agreed in writing to be bound thereto by execution of a written agreement to that effect. At a minimum, the written agreement must include a statement that the person has been provided a copy of this Second Stipulated Protective Order, agrees to be bound by it, and agrees that this Court shall have personal jurisdiction over such person regardless of the individual's domicile for the purposes of enforcing this Second Stipulated Protective Order. All such agreements shall be retained by Counsel disclosing the personally identifying information and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel. Plaintiffs shall provide the Secretary with a copy of the written agreements upon request by the Secretary.

6. The parties and counsel agree that this Court shall retain jurisdiction over them and any person to whom personally identifiable information is disclosed to the extent necessary to enforce the terms of this Order.

7. This Second Stipulated Protective Order shall not prohibit or restrain any party from performing the necessary tasks to prepare for trial or otherwise pursue or defend this action, nor shall this Second Stipulated Protective Order prohibit any party from disclosing an individual's

personally identifiable information with the express written consent of the individual; however, any re-disclosure or communication of personally identifying information covered by this Second Stipulated Protective Order, except as specifically allowed by this Second Stipulated Protective Order for the purposes of this litigation only, is strictly prohibited.

8. The object of this Second Stipulated Protective order is that no personally identifiable information be disclosed to individuals not identified herein, and that no personally identifiable information be used for any purpose other than in relation to this litigation, that no one be allowed to use any information produced for their own purposes or in connection with any other issue, dispute, litigation, or charge against any of the parties whether currently pending or contemplated in the future and that the personally identifiable information be confidential from the public.

9. Counsel to the parties agree to advise, instruct and supervise all associates, staff, employees of counsel, as well as the parties themselves, their employees, associates and staff to keep the personally identifiable information confidential as required by this Second Stipulated Protective Order.

10. This Second Stipulated Protective Order shall not terminate at the conclusion of the litigation and shall continue forward unless modified by the Court. However, the parties agree that Plaintiffs shall either return

records containing personally identifying information to the Secretary or destroy such records at the conclusion of this litigation. The parties request the Court approve and Order this Second Stipulated Protective Order.

Respectfully submitted, this 15th day of May, 2009.

| Attorneys for Plaintiffs: | Attorneys for Secretary of State |
|---|---|
| ADVANCEMENT PROJECT | JOHN W. SUTHERS<br>Attorney General |
| /s Bradley Heard | /s Melody Mirbaba |
| BRADLEY E. HEARD*<br>ADVANCEMENT PROJECT<br>1220 L St, NW, Suite 850<br>Washington, DC 20005<br>Phone: (202)728-9557<br>Fax: (202)728-9558<br>bheard@advancementproject.org | MAURICE G. KNAIZER*<br>Deputy Attorney General<br>MONICA M. MÁRQUEZ*<br>Assistant Solicitor General<br>MELODY MIRBABA*<br>Assistant Attorney General<br>1525 Sherman Street<br>Denver, Colorado  80203<br>Phone: 303-866-5380<br>Facsimile: 303-866-5671<br>maurie.knaizer@state.co.us<br>monica.marquez@state.co.us<br>melody.mirbaba@state.co.us<br>* *counsel of record* |

Dated this ___ day of May, 2009.

APPROVED AND ORDERED BY THE COURT THIS 22 DAY OF May, 2009:

_____
JOHN L. KANE
Senior United States District Judge