IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **08-cv-2321-JLK**

**COMMON CAUSE OF COLORADO, et al.**,

        Plaintiffs,

v.

**BERNIE BUESCHER, in his official capacity as Secretary of State for the State of Colorado,**

        Defendant.

**ORDER**

Kane, J.

This matter is before me on Plaintiffs' Motion for Enforcement of Stipulation (Doc. 35) and the Secretary's Forthwith Motion for Order to Delay Publication of Official Abstract of Votes for November General Election (Doc. 83).  I GRANT the Motion for Enforcement.  Because this Order issues before the June 30, 2009, abstract publication deadline, the Secretary's Motion to delay the publication of that abstract pending my ruling is DENIED as MOOT.

At issue is the Secretary's rejection of three provisional ballots cast in the November 2008 general election.  Plaintiffs contend these rejections violated the terms of the Stipulation reached by the parties in this Court before the election, pursuant to which provisional ballots cast by any voters purged from the rolls within a certain period of time before the election were to be counted unless the state, upon review of those ballots,

demonstrated by clear and convincing evidence that the voters were, in fact, not eligible to vote. The Secretary invokes the 20-day provision pursuant to which these voters were originally purged and argues that, because these voters' records demonstrate by "clear and convincing" evidence that their notification cards were returned as undeliverable, they were not eligible voters and their ballots were properly rejected. I agree with Plaintiffs that the Secretary's position is unavailing.

The Stipulation – which was negotiated and drafted by the parties and incorporated into an Order of the Court (*see* Doc. 14) – addressed the 20-day rule by presumption and focused the evidentiary inquiry on a provisional voter's affirmative ineligibility. Specifically, it provided the Secretary would generate a list of individuals whose registrations had been cancelled by operation of the 20-day rule between May 14, 2008 and election day, and provided that

> [v]oters on the List shall be *presumed* to be eligible and their ballots *will be counted*. Only upon a showing by clear and convincing evidence that a voter is *not* eligible shall a provisional ballot be rejected by the county.

Stipulation ¶ 2(b)(emphasis mine). Certainly while the merits of Plaintiffs' challenge to the 20-day rule remains to be decided, proof that a voter's notification card was returned as undeliverable is not "proof" of that voter's actual ineligibility. To the contrary, it merely establishes the grounds for purging the voter in the first instance which, if it happened too close to the election, triggered the presumption that is the subject of the Stipulation. Accordingly, the three voters at issue are *presumed* to have been eligible voters even if their notification cards were returned as undeliverable. Only upon

affirmative proof of their ineligibility irrespective of the 20-day rule would their ballots have properly been rejected.

Because the process applied by the State did not comport with the process to which it agreed under the Stipulation, I GRANT Plaintiffs' Motion to Enforce (Doc. 35) and ORDER the Secretary to count the three ballots that were rejected in contravention of its terms.  The Secretary's Forthwith Motion for Order to Delay Publication of Official Abstract (Doc. 83), is DENIED as MOOT.


Dated:  June 26, 2009                             **s/John L. Kane**
                                                  SENIOR U.S. DISTRICT JUDGE